**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED
Nov 18 2013, 5:32 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**KRISTIN A. MULHOLLAND**
Appellate Public Defender
Crown Point, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JODI KATHRYN STEIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| AARON DI-SHON WINDOM, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 45A03-1305-CR-171 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE LAKE SUPERIOR COURT
The Honorable Thomas P. Stefaniak, Jr., Judge
Cause No. 45G04-1102-MR-4

**November 18, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**FRIEDLANDER, Judge**

Aaron Di-Shon Windom appeals the fifty-year sentence imposed following his conviction for murder. He claims his sentence is inappropriate in light of the nature of the offense and his character.

We affirm.

In the early morning hours of February 19, 2011, Windom murdered his friend, seventeen-year-old Deandre Wilson. The two had just had a physical fight inside a residence and been asked to leave. While a heated verbal confrontation continued outside, Windom displayed his handgun. He then began firing at Wilson, who was unarmed. Windom shot Wilson six times: four times in the back, once in the side of the head, and once in the face. Wilson died at the scene.

On February 23, 2011, the State charged Windom with one count of murder, two counts of class A felony attempted murder, two counts of class C felony battery, and one count of class C felony attempted battery.[1] The State later added a habitual offender allegation. Upon motion by the State, the two attempted murder counts were dismissed on March 7, 2013.

Three days before his scheduled jury trial, Windom entered into a plea agreement with the State on March 8, 2013. Pursuant to the agreement, Windom pleaded guilty to murder, and the State agreed to dismiss the remaining counts, including the habitual offender allegation. The parties further agreed to a sentencing cap of fifty years. The trial court accepted the plea agreement. Following a sentencing hearing on April 24, 2013, the trial

---

[1] The non-murder counts related to two other alleged victims at the scene of the shooting.

court sentenced Windom to fifty years in prison for Wilson's murder and ordered the sentence to be served consecutive to a twenty-year sentence recently imposed under Cause No. 45G04-1103-FA-8 (FA-8). Windom now appeals, claiming the sentence imposed is inappropriate in light of the nature of the offense and his character.

Article 7, section 4 of the Indiana Constitution grants our Supreme Court the power to review and revise criminal sentences. Pursuant to Ind. Appellate Rule 7, the Supreme Court authorized this court to perform the same task. *Cardwell v. State,* 895 N.E.2d 1219 (Ind. 2008). Per Indiana Appellate Rule 7(B), we may revise a sentence "if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." *Wilkes v. State*, 917 N.E.2d 675, 693 (Ind. 2009), *cert. denied*. "[S]entencing is principally a discretionary function in which the trial court's judgment should receive considerable deference." *Cardwell v. State*, 895 N.E.2d at 1223. Windom bears the burden on appeal of persuading us that his sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073 (Ind. 2006).

Murder is punishable by a term of imprisonment between forty-five and sixty-five years, with the advisory sentence being fifty-five years. *See* Ind. Code Ann. § 35-50-2-3 (West, Westlaw current with all 2013 legislation). In this case, the sentence was capped below the advisory at fifty years, pursuant to the plea agreement. Accordingly, the trial court had a limited sentencing range (forty-five to fifty years) in which to sentence Windom. The court sentenced him to fifty years and ordered this sentence to be served consecutive to that imposed in FA-8.

With respect to the nature of the offense, we observe that Windom shot his unarmed friend six times in the face, head, and back. He then retreated to his car and fled. This occurred because the two were involved in an argument regarding the keys to a car, which Wilson wanted to borrow. Although the fight was initially physical inside the apartment, it remained verbal outside until Windom displayed his gun and began shooting.[2] Nothing about the nature of the instant murder makes the fifty-year, consecutive sentence imposed inappropriate.

Windom's character does not help his case either. At sentencing, defense counsel acknowledged that his client's criminal history was an "extreme aggravating circumstance." *Transcript* at 23. Aside from his significant juvenile history, Windom has amassed at least one misdemeanor (resisting law enforcement) and six prior felony (theft, auto theft, burglary, battery resulting in serious bodily injury, and two counts of attempted battery) convictions by the relatively young age of twenty-six. He has also been adjudicated a habitual offender (FA-8). In sum, Windom has spent much of his adult life in prison or on probation and has remained undeterred from criminal and violent behavior.

Windom points to his guilty plea and "considerable remorse" in an attempt to bolster his character. *Appellant's Brief* at 7. We are not persuaded. Windom's guilty plea came two years after the crime and only days before his scheduled jury trial. Further, the plea resulted in the dismissal of other charges, including a habitual-offender allegation, and capped his

---

[2] This offense occurred only two days after a highway shooting in which Windom shot multiple bullets into the moving vehicle of a young family in an apparent act of road rage, resulting in his conviction and sentence in FA-8. *See Windom v. State*, Cause No. 45A03-1206-CR-253 (January 22, 2013).

sentence for murder at fifty years (a reduction of fifteen years off the maximum sentence). Windom's guilty plea was entitled to some weight but not so much as to make his below-the-advisory sentence inappropriate.

Judgment affirmed.

BAKER, J., and VAIDIK, J., concur.